**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2375**

SPENCER E. JONES, III,

       Plaintiff - Appellant,

    v.

STERNHEIMER BROTHERS, INC.,

       Defendant – Appellee,

    and

ROSS STERNHEIMER, CEO, Everything Casual, incorporated f/n/a Sternheimer Bro., Inc., t/a A & N Stores; PAT MONEY, Assistant CEO, Everything Casual, Inc., f/n/a Sternheimer Bro., Inc., t/a A & N Stores; ADDRIANE LATHAN, Head of Human Resources, Everything Casual, Inc., f/n/a Sternheimer Bro., Inc., t/a A & N Stores; JAMES BAILEY, Warehouse Manager, Everything Casual, Inc., f/n/a Sternheimer Bro., Inc., t/a A & N Stores; ANGELA CRAWLEY, Dock Supervisor, Everything Casual, Inc., f/n/a Sternheimer Bro., Inc., t/a A & N Stores; HAROLD ELLIOTT, Dock Manager; GLORIA CRAWLEY, Clothes Supervisor; MARK STERNHEIMER,

       Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:08-cv-00187-REP)

Submitted: March 30, 2010      Decided: April 22, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Spencer E. Jones, III, Appellant Pro Se. Christopher E. Gatewood, HIRSCHLER FLEISCHER, PC, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Spencer E. Jones, III appeals the district court's order granting summary judgment as to Jones's action under 42 U.S.C. § 1983 (2006) in favor of Everything Casual, Inc., and several employees of the corporation. Everything Casual, Inc., a corporation formerly known as Sternheimer Bros, Inc., operated the now-defunct A & N stores in Virginia. In his complaint, Jones contended that during his employment, he was denied training due to his age, in violation of the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 623(a) (2006). The district court granted summary judgment for the Defendants. On appeal, Jones reasserts the merits of his claims, and additionally contends that Defendants Angela Crawley and James Bailey perjured themselves in their affidavits regarding the dates Jones was offered training. We affirm.

We review a district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of his case." Thompson v. Potomac Elec.

Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks and citation omitted). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). We may affirm a district court's judgment on any ground supported by the record. Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006).

Under the ADEA, it is illegal for an employer to discriminate against an employee due to the employee's age. 29 U.S.C. § 623(a) (2006). The ADEA provides a civil cause of action for employees who are discriminated against by their employers because of their age. See 29 U.S.C. § 626 (2006). An employee may establish an ADEA discrimination claim "through two alternative methods of proof: (1) a mixed-motive framework, requiring evidence that the employee's age motivated the employer's adverse decision, or (2) a pretext framework identical to the McDonnell Douglas burden-shifting analysis used in Title VII cases." E.E.O.C. v. Warfield-Rohr Casket Co., Inc., 364 F.3d 160, 163 (4th Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

In his pleadings below, Jones asserted that the Defendants refused to offer adequate training due to his age. However, Jones entirely failed to provide any "evidence of

4

conduct or statements that reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." Id. Therefore, he failed to establish age discrimination under the mixed-motive framework.

In order to establish an ADEA claim under the McDonnell Douglas framework, Jones must first demonstrate a prima facie case of discrimination by a preponderance of the evidence. Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004). In order to demonstrate a prima facie case of discriminatory denial of training, Jones must show: "(1) [he] is a member of a protected class; (2) the defendant[s] provided training to [their] employees; (3) [Jones] was eligible for the training; and (4) [Jones] was not provided training under circumstances giving rise to an inference of discrimination." Thompson, 312 F.3d at 649-50 (setting out McDonnell Douglas framework for discriminatory denial of training based on race). If Jones is successful in establishing a prima facie case of discrimination, the burden then shifts to the defendants "to articulate a legitimate, non-discriminatory reason" for their failure to adequately train Jones. Mereish, 359 F.3d at 334. Jones must then prove that the defendants' proffered justification was pretextual. Id. "This final burden . . . merges with the ultimate burden of persuading the court that [Jones] ha[s] been the victim[] of intentional discrimination." Id.

5

After reviewing the record, we find that Jones failed to meet his burden in establishing a prima facie case of age discrimination under the McDonnell Douglas doctrine. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED